RECORD NO. 14-2305

## IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

# DEBORAH A. HYATT,

*Plaintiff-Appellant,*

v.

# PRUDENTIAL INSURANCE COMPANY OF AMERICA, and THERMO FISHER SCIENTIFIC, INCORPORATED HEALTH & WELFARE PLAN and THERMO FISHER SCIENTIFIC, INCORPORATED,

*Defendants-Appellees.*

---

## OPENING BRIEF OF PLAINTIFF-APPELLANT

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE

Walter E. Daniels III
**DANIELS LAW FIRM, PC**
**Suite 502**
**14 South Pack Square**
**Asheville, North Carolina 28801**
**(828) 258-7022 (Telephone)**
walter@danielslawfirm.net

**Counsel for Plaintiff-Appellant**

---

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____        Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?     YES     NO


2.      Does party/amicus have any parent corporations?                              YES     NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:




3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                       YES     NO
        If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?          YES      NO
        If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES      NO
        If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?                       YES      NO
        If yes, identify any trustee and the members of any creditors' committee:

Signature: _____          Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE
**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____                    _____
        (signature)                                            (date)

- 2 -

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE

TABLE OF CONTENTS...........................................................................................i

TABLE OF AUTHORITIES.....................................................................................ii

STATEMENT OF SUBJECT MATTER

AND APPELLATE JURISDICTION....................................................... 1

STATEMENT OF ISSUES........................................................................... 1

STATEMENT OF THE CASE....................................................................... 1

STATEMENT OF FACTS............................................................................. 2

SUMMARY OF ARGUMENT...................................................................... 4

STANDARD OF REVIEW............................................................................ 5


ARGUMENT

    I.    Ms. Hyatt's Complaint was timely filed according to the
Plain language of the ERISA plan......................................................... 5

    II.    Any ambiguity in the ERISA plan's accrual clause must be
Construed in favor of the insured.................................................... 10


CONCLUSION............................................................................................... 12

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(C)(i)

CERTIFICATE OF SERVICE

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*CIGNA Corp. v. Amara,*
 563 U.S. ___, 131 S. Ct. 1866, 179 L. Ed. 2d 843 (2011) ............................................ 6

*Coleman v. Nationwide Life Ins. Co.,*
 969 F.2d 54 (4th Cir. 1992) .................................................................................. 7

*Conkright v. Frommert,*
 559 U.S. 506, 130 S. Ct. 1640, 176 L. Ed. 2d 469 (2010) ........................................ 6

*Cosey v. Prudential Ins. Co. of Am.,*
 735 F.3d 161 (4th Cir. 2013) ................................................................................ 10

*Glover v. First Union Nat'l Bank,*
 109 N.C. App. 451, 428 S.E. 2d 206 (N.C. Ct. App. 1993 .................................... 10

*Heimeshoff v. Hartford Life & Accident Ins. Co.,*
 134 S. Ct. 604 (2013) ................................................................................... 5, 9, 11

*Johnson v. Am. United Life Ins., Inc.,*
 716 F.3d 813 (4th Cir. 2013) ................................................................ 6, 7, 10, 11, 12

*Kennedy v. Plan Administrator for DuPont Sav. and Investment Plan,*
 555 U.S. 285, 129 S. Ct. 865, 172 L. Ed. 2d 662 (2009) ........................................ 6

*LaAsmar v. Phelps Dodge Corp. Life Accs. Death & Dismem.*
*& Dep. Life Ins. Plan,*
 605 F.3d 789 (10th Cir. 2010) ............................................................................... 7

*Senkier v. Hartford Life & Accident Ins. Co.,*
 948 F.2d 1050 (7th Cir. 1991) .............................................................................. 12

*United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency,*
 745 F.3d 131 (4th Cir. 2014) .................................................................................. 5

*Wegner v. Standard Ins. Co.,*
 129 F.3d 814 (5th Cir. 1997) .................................................................................. 7

*Wheeler v. Dynamic,*
   62 Fed. 3d. 634 (4th Cir. 1995) .......................................................................................... 6

## STATUTES

28 U.S.C. § 1291 ................................................................................................................... 1

29 U.S.C. § 1001 ................................................................................................................... 1

29 U.S.C. § 1132(a)(1)(B) ............................................................................................... 4, 8

## RULES

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 4, 7

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

Deborah Hyatt ("Ms. Hyatt") filed a complaint against Prudential Insurance Co. of American, Thermo Fischer Scientific, Inc. Health and Welfare Plan, and Thermo Fisher Scientific, Inc., (collectively "Prudential") in the United States District Court for the Western District of North Carolina seeking benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001.  JA 4-11. The District Court had subject matter jurisdiction under 29 U.S.C. § 1001.  JA 5. The District Court granted Prudential's motion to dismiss.  JA 126-133.  On December 17, 2014, Ms. Hyatt filed a timely appeal.  JA 135.  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

A.    Whether Ms. Hyatt's complaint was timely filed according to the plain language of the ERISA plan.

B.    Whether an ambiguity existed in the ERISA plan language that rendered the granting of Prudential's motion to dismiss erroneous.

## STATEMENT OF THE CASE

This appeal arises out of a claim for disability benefits filed by Ms. Hyatt under an employee welfare benefit plan established or maintained by

1

Prudential.  After Prudential denied Ms. Hyatt's claim and affirmed the denial on administrative appeal, Ms. Hyatt filed a complaint in the United States District Court for the Western District of North Carolina seeking benefits under 29 U.S.C. § 1132(a)(1)(B).  JA 4-11.  Prudential filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim arguing that it was barred by the statute of limitations as set forth in the Plan.  JA 18-19.  The District Court granted Prudential's motion to dismiss.  JA 126-133.  This appeal followed.  JA 135.

## STATEMENT OF FACTS

Ms. Hyatt's employer, Thermo Fisher Scientific, Inc. ("Thermo"), sponsored an employee benefit plan that provided short-term ("STD") and long-term disability ("LTD") benefits.  JA 5.  The plans were administered by Prudential.  JA 5.  Prudential failed to pay all disability benefits owed to Ms. Hyatt under the terms of the STD and LTD plans. JA 8-9.

**A. The LTD Plan**

The LTD plan establishes the date by which a participant can sue to recover unpaid benefits:

"What Are the Time Limits for Legal Proceedings?

> You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law."

JA 64 .  The LTD plan also states:

When do you Notify Prudential of a Claim?

> We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

JA 62.  The elimination period under the LTD plan is 180 days.  JA 45.

**B. The STD Plan**

The STD plan does not contain a limitations period for lawsuits. It does, however, contain identical language to the LTD plan noted above in the section entitled "When do you Submit a Claim?" JA 93.  The elimination period under the STD plan is 7 days.  JA 87.

**C. Claim for Benefits**

Plaintiff became disabled on or about March 16, 2010.  JA  6.  Prudential approved Ms. Hyatt's STD benefits on April 20, 2010, and on June 21, 2010, Prudential denied both additional STD benefits beyond May 25, 2010 and LTD benefits.  JA 7.  Ms. Hyatt appealed the denial on July 10, 2010 and Prudential denied her appeal on August 9, 2010.  JA 7-8.  Ms. Hyatt filed a second level appeal on September 1, 2010, which Prudential denied by letter dated

February 2, 2011.  JA 8.  Ms. Hyatt filed this case on February 11, 2014.  JA 4-11.

## SUMMARY OF ARGUMENT

The parties agree that the statute of limitations provision in the LTD plan allows legal action to be brought "up to three years from the time proof of claim is required."  In finding Ms. Hyatt's complaint time-barred, the District Court erred by determining commencement of the statute of limitations period based on when Ms. Hyatt actually submitted proof of claim instead of the plain language of the plan and the rules of contractual interpretation.  The District Court adopted an artificially shorter limitations period than the plan provides when it "read out" the provision setting forth the deadline for filing proof of claim.  The plain language of the LTD plan contains a provision that allows plan participants to file their proof of claim up to one year after the initial 90 day due date for submitting proof of claim. This is the deadline for filing proof of claim.  The limitations period should not begin to run before the expiration of that deadline because that is the time in which proof of claim is required pursuant to the plan language.

If, on the other hand, the plan language governing the commencement of the statute of limitations is reasonably susceptible to either of the

4

constructions asserted by the parties, the ambiguity in the plan favors a timely filing of Ms. Hyatt's complaint and this appeal should be granted.

## STANDARD OF REVIEW

A decision on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted is an issue of law reviewed *de novo. United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).

## ARGUMENT

### I.    MS. HYATT'S COMPLAINT WAS TIMELY FILED ACCORDING TO THE PLAIN LANGUAGE OF THE ERISA PLAN.

The District Court dismissed Ms. Hyatt's claim to enforce the LTD plan as time-barred based on when Ms. Hyatt actually submitted her proof of claim. This is contrary to the plain language of the plan that provides three years from the time proof of claim is required, regardless of when the claimant actually submitted proof of claim. The District Court misconstrued the plain language of the ERISA plan in determining when the statute of limitations began to run and adopted a shorter period of time than the plan provides.

A contractual statute of limitations under ERISA is enforceable if it is reasonable. *See Heimeshoff v. Hartford Life & Accident Ins. Co*., 134 S. Ct. 604, 610 (2013). "The principle that contractual limitations provisions ordinarily

5

should be enforced *as written* is especially appropriate when enforcing an ERISA plan (emphasis added)." *Id* at 611.  Referring to 29 U.S.C. § 1132(a)(1)(B) the court noted "That 'statutory language speaks of '*enforc[ing]*' the 'terms of the plan,' not of *changing* them.' *quoting CIGNA Corp. v. Amara,* 563 U.S. ___, ___, 131 S. Ct. 1866, 1877, 179 L. Ed. 2d 843, 854 (2011). For that reason, we have recognized the particular importance of enforcing plan terms as written in § 502(a)(1)(B) claims. *See Id., at ___ - ___,* 131 S. Ct. 1866, 1877, 179 L. Ed. 2d 843, 854 (2011)); *Conkright v. Frommert,* 559 U.S. 506, 512-513, 130 S. Ct. 1640, 176 L. Ed. 2d 469 (2010); *Kennedy v. Plan Administrator for DuPont Sav. and Investment Plan*, 555 U.S. 285, 299-301, 129 S. Ct. 865, 172 L. Ed. 2d 662 (2009)."

Similarly, this court in *Johnson v. Am. United Life Ins., Inc.*, 716 F.3d 813 (4th Cir. 2013) recognized the importance of enforcing ERISA plan terms as written, and laid out the following principles of construction to apply when determining the meaning of plan terms.  Both state law and federal common law rules of contract interpretation are applied when determining the meaning of ERISA plan terms.  *Id.* at 819.  As such, contract law requires courts to enforce ERISA plan terms according to 'the plan's plain language in its ordinary sense' *Id.* (quoting *Wheeler v. Dynamic*, 62 Fed. 3d. 634, 638 (4th Cir. 1995)) and as 'a reasonable person in the position of the participant would

6

have understood those terms to mean.' *Johnson*, 716 F.3d at 819 (quoting *LaAsmar v. Phelps Dodge Corp. Life Accs. Death & Dismem. & Dep. Life Ins. Plan*, 605 F.3d 789, 801 (10th Cir. 2010)).  Additionally, "courts must look at the ERISA plan as a whole and determine the provision's meaning in the context of the entire agreement." *Id*. "A court should be hesitant to depart from the written terms of a contract . . . in a case involving ERISA, which places great emphasis upon adherence to the written provisions in an employee benefit plan." *Coleman v. Nationwide Life Ins. Co.,* 969 F.2d 54, 56 (4th Cir. 1992).  "If application of these primary principles of construction fails to provide clarity and the plan language remains ambiguous, then we are 'compelled to apply the rules of *contra proferentum* and construe the terms strictly in favor of the insured.'" *Johnson*, 716 F.3d at 819 (quoting *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 818 (5th Cir. 1997)).

In this case, the parties agree that the LTD plan sets forth a three-year statute of limitation for filing suit that begins to run at the time proof of claim is required.  The parties disagree, however, as to when proof of claim is required, i.e. when the three-year statute of limitations begins to run.  Applying the principles of construction as this Court did in *Johnson*, read plainly and fully, the applicable provision gives a participant a total of 455 days after the elimination period to file proof of claim, except in cases of

incapacity. The District Court, however, artificially shortened this deadline by "reading out" the provision that proof of claim "must be given no later than 1 year after the time proof is otherwise required." The plan on its face suggests that this is the deadline for filing proof of claim, and until that time the claimant has an opportunity to make proof of claim. In other words, as stated by Yogi Berra, "It ain't over 'til it's over."

A reasonable person in Ms. Hyatt's position would have understood those terms to mean that as long as she has an opportunity to make proof of claim, the deadline has not accrued. This is especially so when one considers the plan as a whole to determine the provision's meaning in the context of the entire agreement. The plan is silent as to what happens if a participant cannot, or does not make proof of claim within 90 days after the end of the elimination period in order to trigger an additional year to make proof of claim. Nor does the plan provide any procedures for filing proof of claim beyond the stated 90 days. Consequently, the plan gives the impression on its face that proof of claim will be accepted for up to another year without qualification. In other words, the plan language read plainly and in its entirety sets a deadline by which proof of claim must be given of no later than 455 days after the elimination period. The statute of limitations begins to run then.

8

The Court must consider the whole contract and not just one piece. The District Court incorrectly ignored the last sentence of the proof of claim section as not applicable in determining when the statute of limitations begins to run because Ms. Hyatt had already given proof of claim. The limitation period provided in the plan contains no such provision, and only provides that the claim be brought three years from when proof of claim is required. The parties could have agreed to a contractual statute of limitation that begins to run from when the claimant actually provided proof of claim, but that is not the case. Interpreting the plan language as the District Court has is contrary to the rules of contractual interpretation as they relate to ERISA plans, and unfairly prejudices the individual participants trying to decipher the plan's terms. Prudential argues that the Supreme Court's decision in *Heimeshoff,* 134 S. Ct. 604 (2013) should control the interpretation of the plan in this case, and Ms. Hyatt agrees. However, the Prudential seek the final result of *Heimeshoff* without applying the same rule of construction to the unique plan language of the case *sub judice*. In *Heimeshoff*, the plan language provided a strict 90 day deadline in which to file proof of loss for long term benefits. *Id.* at 609. If that same language was in Ms. Hyatt's plan, then her complaint would most certainly be time barred. The additional language in Ms. Hyatt's plan, however, clearly extends the time for submitting proof of claim by one year.

9

Accordingly, the LTD plan's three-year statute of limitations began to run 455 days from the end of the elimination period (September 11, 2010), or on December 10, 2011.  Three years from December 10, 2011 is December 10, 2014.  Ms. Hyatt filed suit on February 11, 2014, well within this time period.  Hence, her complaint was timely filed, and the District Court's dismissal was erroneous.

## II.    ANY AMBIGUITY IN THE ERISA PLAN'S ACCRUAL CLAUSE MUST BE CONSTRUED IN FAVOR OF THE INSURED

If the contract language is "fairly and reasonably susceptible to either of the constructions asserted by the parties" then it is ambiguous*. Johnson*, 716 F.3d. at 819 (quoting *Glover v. First Union Nat'l Bank*, 109 N.C. App. 451, 428 S.E. 2d 206, 209 (N.C. Ct. App. 1993)). The LTD plan language unequivocally provides 455 days to make proof of claim.  Should the application of the principles of contractual interpretation render the plan language ambiguous, the Court must construe the terms strictly in favor of the insured. *Id.  See also Cosey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 168 (4th Cir. 2013).

Construing this policy's ambiguity in favor of Ms. Hyatt, her claim for LTD benefits would not be time-barred until December 10, 2014, long after she filed her suit.

The policy provides that "proof of your claim must be given . . . no later than 90 days after the end of the elimination period."  The policy continues, however, "If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity."  In other words, the policy states that proof is due 90 days after the elimination period, but it is really due 365 days later than that, or 455 days after the end of the elimination period.  Reasonable minds have interpreted the policy to say that an insured's claim does not accrue until 455 days after the elimination period.  Prudential disagrees, and interprets the policy deadline for filing proof as 90 days after the elimination period.  If reasonable minds can differ about the interpretation of a plan provision, the provision is ambiguous, and should be construed in favor of the insured. *Johnson*, 716 F.3d. at 819.  Only when the language in an ERISA plan unambiguously establishes a limitations period will it work to time bar a complaint to enforce the plan.  *See Heimeshoff*, 134 S. Ct. at 609-610.

The plan language which is the subject of this appeal has not been specifically interpreted by the Fourth Circuit previously.  This Court, however, was called upon in *Johnson* to interpret the terms of an insurance policy governed by ERISA that centered upon the meaning of the word "accident." In doing so, it recognized that "the interpretive onus belongs on the insurers who

11

draft these accident insurance policies; they can eliminate dilemmas like this one by clearly and plainly stating whether a loss caused by the participant's driving drunk is 'accidental' so that the insured 'know[s] what he is getting in his insurance policy.' *Johnson,* 716 F.3d at 816 (quoting, *Senkier v. Hartford Life & Accident Ins. Co.*, 948 F.2d 1050, 1053 (7th Cir. 1991)).  As in *Johnson*, this case involves an inartfully drafted policy that Prudential could, and should fix. When a contractual ERISA limitations period is shortened without being unequivocally expressed in the contract, plan participants are unfairly prejudiced and the playing field is tilted in favor of insurance companies. The plan language is unclear and should not remain as a pitfall to participants attempting to seek benefits. A ruling adverse to the Prudential in this case would necessitate clarification that would benefit all parties in the future.

Pursant to Local Rule 34(a), the Appellant would like to request that oral argument be heard in this appeal.  This appeal should clarify an important rule of law regarding the interpretation of contractual statute of limitations language in ERISA plans, and thus involves a legal issue of continuing public interest.

## **CONCLUSION**

As state above, ERISA plans, like the one at issue in this appeal, should

12

be read to give effect to every provision. The plan language provided Ms. Hyatt with one *deadline* to submit proof of claim, and that was 455 days from the end of the elimination period, unless she was subject to a disability which could give her additional time.   If this Court gives effect to the policy provision establishing the deadline for filing proof of claim as "no later than 1 year after the time proof is otherwise required", then it must conclude that Ms. Hyatt's claim did not accrue until 455 days after the elimination period, and thus her complaint was timely filed.

On the other hand, if this Court deems the plan language ambiguous, it must construe the ambiguity in favor of Ms. Hyatt. An affirmation of the dismissal of Ms. Hyatt's complaint will severely prejudice her rights and those of other participants who will be uncertain as to when the three year deadline to file a lawsuit commences.  The Prudential could easily clarify the statute of limitations provision, but until they do so the clause should be construed as written.  In either scenario, dismissal of Ms. Hyatt's claims on statute of limitations grounds was inappropriate and the Order granting Prudential's motion to dismiss should be reversed.

13

This the 18th day of February, 2015

By:    /s/ Walter E. Daniels III
       DANIELS LAW FIRM, PC
       14 South Pack Square, Suite 502
       Asheville, North Carolina 28801
       (828) 258-7022 (Telephone)
       walter@danielslawfirm.net
       *Counsel for Plaintiff - Appellant*

14

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. _____     Caption: _____

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines.  Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines.  Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ ]     this brief contains _____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]     this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger.  A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ ]     this brief has been prepared in a proportionally spaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*]; **or**

   [ ]     this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s)_____

Attorney for_____

Dated:_____

# CERTIFICATE OF SERVICE

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____
Signature

_____
Date